## COLES et al. v. DENSLOW et al.

(Circuit Court of Appeals, Eighth Circuit. January 6, 1921.)

No. 5624.

1. **Appeal and error** ⟜187(2)—**Objection to misjoinder of plaintiffs cannot be first made on appeal.**

In a suit for the specific performance of an option for the purchase of land, the objections that a subsequent purchaser from the optionees was improperly joined as plaintiff cannot be first raised on appeal, especially where the defendants asked affirmative relief against that plaintiff, as well as against the others.

2. **Principal and agent** ⟜69(1)—**Agent making profit owes duty to disclose all facts to principal.**

An agent owes his principal the duty to communicate all facts coming to his knowledge in respect to the agency, to act with the utmost good faith, and not to use the subject-matter of the agency or information acquired therein to make a profit for himself without the knowledge and consent of the principal, and where the agent's acts are questioned it is incumbent upon him to establish that he acted openly, fairly, and honestly.

3. **Specific performance** ⟜121(8)—**One of several agents to sell property held not to have concealed facts in buying from principal.**

In a suit for specific performance of an option for the sale of land, evidence *held* not to show that one of the optionees, who was one of several agents for the sale of the land, concealed any fact within his knowledge from the owner, and therefore not to defeat the right to specific performance, especially where there was nothing to impeach the contract as to the other optionees.

4. **Vendor and purchaser** ⟜18(½)—**Optionees can contract for resale of property at profit.**

The holders of an option for the purchase of land, which was not assignable without consent of the owner, can contract without such consent for the resale of the land at a profit, without defeating their right to specific performance of the option contract.

5. **Appeal and error** ⟜1054(1)—**Admission of irrelevant evidence in trial to court not prejudicial.**

In a suit for specific performance, tried to the court, the admission in evidence of a conversation, which was irrelevant, was not prejudicial.

6. **Specific performance** ⟜120—**Expenditures by purchasers competent to determine equities.**

In a suit for specific performance of an option for sale of land, evidence as to expenditures made on the land by the optionees is relevant as to the equities of the case, and is competent.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit for specific performance of a contract for the sale of land by Jay H. Denslow and others against Frank A. Coles and others. Decree for plaintiffs, and defendants appeal. Affirmed.

Frank C. Goudy, L. F. Twitchell, J. H. Burkhardt, and Frank B. Goudy, all of Denver, Colo., for appellants.

Charles A. Stokes, Jesse H. Sherman, and Charles A. Murray, all of Denver, Colo., and Robert Kerr, of Colorado Springs, Colo., for appellees.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. On April 10, 1917, appellees Richardson, Church, and Johnson entered into a contract with appellant Coles as lessor for the leasing of the Pomona Ranch, located in Jefferson county, Colo., and certain water rights appurtenant thereto. The lease was to expire March 1, 1918. The ranch contained about 900 acres of land and is more particularly described in the record. The stipulated rent was $4,000. The lease also contained a grant of an option by Coles to the above-named appellees to purchase the leased premises, and 35 shares of the capital stock of the Farmers' Highline Canal & Reservoir Company, and all water rights appurtenant to the ranch for the sum of $85,000; $500 cash, $14,500 cash on or about March 1, 1918, and $70,000 in deferred payments, secured by mortgage on the property to be sold. By the terms of the option, Coles was to deliver a deed of conveyance to the purchasers upon payment of the $14,500 cash. No assignment of the option was to be valid unless Coles should consent thereto in writing. If the purchasers decided to exercise their option, they were to notify Coles personally or by registered mail, not later than January 1, 1918. Time was declared to be of the essence of the contract, which bound the heirs, executors, administrators, and assigns of the parties thereto.

About September 1, 1917, Church, Johnson, and Richardson entered into a contract with appellee J. H. Denslow by the terms of which they agreed to sell to Denslow the Pomona Ranch and the water rights heretofore mentioned for $100,000, payable as follows: $500 cash, $5,000 cash on or before September 15 or 20, 1917, and $94,500 cash on or before February 23, 1918. Within the time prescribed by the option granted by Coles, Richardson, Church, and Johnson duly notified the former of their intention to purchase the Pomona Ranch within the time limited by the option. On February 27, 1918, Richardson, Church, and Johnson exhibited to Coles a receipt for the payment of the taxes upon said property for the year 1917, which taxes they had agreed to pay, and thereupon they tendered to said Coles the sum of $14,500 in legal tender of the United States of America, and likewise at the same time tendered to said Coles the notes and trust deed above mentioned, all properly signed and executed by the said Richardson, Church, and Johnson, and otherwise fully complied with the terms of the option. Thereupon Richard-

son, Church, and Johnson demanded of Coles the performance of the terms of the option on his part. Richardson, Church, and Johnson went into possession of the Pomona Ranch under the lease, and remained in possession thereof until they made the contract above referred to with Denslow. Coles wholly refused to perform the terms of the option granted by him, and also refused to accept performance of the same by Richardson, Church, and Johnson. · Whereupon the present action was commenced by appellees to obtain specific performance of the option agreement with Coles. Denslow was made a party plaintiff as having an interest in the land. Coles made answer to the complaint, and the Middletown Trust Company was granted leave to intervene in the action.

It appears from the record that in the case of Brackett et al. v. Middlesex Banking Co., pending in the superior court of Middlesex county, state of Connecticut, and in the case of Receivers of the Middlesex Banking Co. v. Realty Inv. Co., pending in the same court, Silas A. Robinson and John L. Dower were appointed receivers of the Banking Company. These receivers entered into an agreement with the Middletown Trust Company, whereby the Trust Company was appointed a trustee of the lands and water rights constituting the Pomona Ranch. Under the terms of said trust agreement and the authority thereby vested in the Middletown Trust Company as trustee, said Trust Company designated as its nominee appellant Frank A. Coles, to whom was conveyed as representative of the intervener, the property in controversy. It was by virtue of such nomination that appellant Coles held the legal title to the Pomona Ranch. After a hearing on pleadings and proofs, the relief prayed for by appellees was granted. Coles and the Trust Company appeal.

Certain defenses that were pleaded by the appellants have been abandoned, and are not now before the court for consideration. One of these defenses is the alleged lack of power on the part of appellants, or either of them, to execute the option contract. This defense was abandoned at the trial, and is specifically abandon 1 on this appeal; the appellants having omitted from the record the trust agreements under which the trustee received its authority: In setting forth the testimony of Mr. H. H. Warner, a witness on behalf of appellants in the court below, the following statement is made by counsel with reference to the question of the power of the Trust Company:

"The remainder of the testimony of the witness under cross-examination is confined to the issue covering the power of the Trust Company, set forth in complainant's bill, and as no issue is presented on appeal covering this power, this testimony is not here reproduced."

Other similar statements are made in the record, and we therefore do not further consider that question. The appellees have never claimed that the contract of option was assigned to Denslow by them, and therefore the authorities cited by appellants regarding suits by assignees are irrelevant.

[1] There is an objection made in the brief of counsel for appellants to the effect that Denslow was improperly joined as plaintiff. This question cannot be raised for the first time in this court, especially in

view of the fact that the record shows that the appellants asked affirmative relief against Denslow, as well as the other appellees. Estoppel was pleaded by the appellees as a defense to the plea of lack of power in the trustee; but, as that contention has been abandoned, the plea of estoppel falls with it, and needs no further consideration.

[2] One of the principal contentions of appellants is that Richardson was an agent of appellants, and as such agent he owed them certain duties, which the law required should be strictly performed; that among these duties are those that the agent is bound to communicate all facts coming to his knowledge in respect to the agency, to act with the most perfect good faith, honesty, and fairness, to exhibit the most open, ingenuous, and disinterested dealing while acting as such toward his principal, and above all not to use the subject-matter of the agency or information acquired therein to make a profit for himself, without the full knowledge, understanding, and consent of the principal, and, where the acts of the agent are in any manner in question, it is incumbent upon him to establish clearly that there was no fraud, influence, or concealment on his part, either directly or indirectly, and that he acted openly, fairly, and honestly, and derived no advantage from the agency not known, understood, and consented to by the principal. The duties of the agent are as stated beyond question.

[3] Counsel for appellants claim that in the present case it is not shown that Richardson gave to his principals all the knowledge which he had concerning the value of the property and concerning his intention to again sell the property. We have carefully examined all the correspondence which passed between Richardson and appellants, and also the testimony regarding conversations had by Richardson with Bernard, Warren, and Simonson, and other agents of appellants, and we cannot find that Richardson violated his duties as agent, conceding that he was such. Richardson was not the sole agent of appellants in regard to the sale of the property. He had been relieved as agent at the time the agency was turned over to Simonson by Bernard. It was thought that Richardson's knowledge of the property, he having had charge of the same for many years, would be advantageous in making a sale, and therefore Richardson was allowed to continue as an assistant to Simonson, and in case of sale he was to receive a portion of the commission. Moreover, Richardson was only one of the grantees in the option, and there is nothing to impeach the contract so far as the other optionees are concerned, and we are satisfied from the evidence that there is nothing to impeach the contract so far as Richardson is concerned. Appellants possessed all the knowledge that Richardson did as to the value of the property. Richardson did not know, at the time the option was given, that the ranch could be sold to Denslow at a profit of $15,000, and the latter has not as yet, and may never, perform his contract.

[4] The optionees had the right to sell the land without telling appellants. It was no concern of theirs. They had agreed to take the amount mentioned in the option, without being induced to do so by any fraud or unfair dealing, and could not complain if the optionees sold the land for a higher price. The object of taking these options in most cases is to sell the land again at a profit. The optionees did not know

what they could get for the land when they received the option, and the matter all rested in uncertainty and speculation until the contract with Denslow was made. We find the following language in the brief of counsel for appellants:

"It is, of course, impossible to determine whether Mr. Richardson had knowledge of facts which he did not disclose."

We understand this remark to refer to the evidence in the case. If it does, how can counsel claim that the option is void because Richardson did not disclose some fact that he ought to have disclosed. The excerpt from counsel's brief causes no surprise, because it is the opinion which any unprejudiced mind would have after a perusal of the evidence. We see nothing in the alleged agency of Richardson that would avoid the option.

[5] Complaint is made of the admission in evidence of a conversation had by Mr. Richardson with Mr. Dower in 1915. Dower was one of the receivers of the property of the Middlesex Banking Company, and the evidence tended to show that in the conversation referred to Richardson did not conceal anything whatever in regard to the ranch. No ground was stated for the objection made by counsel for appellants to this testimony, and while it may have been irrelevant, in a case being tried to the court, there could not possibly have been any prejudice.

[6] There is no merit in the contention that the court erred in allowing testimony as to expenditures made upon the Pomona Ranch by appellees. It was relevant as to the equities of the case. The complaint that the court erred as to the question of interest results from a misinterpretation of the decree. As the trial court reserved for future consideration all matters requiring adjudication to carry out the decree, and as this appeal will require new adjustments as to interest, the matter is left to the trial court to adjust.

Decree affirmed, subject to necessary adjustments resulting from the lapse of time occasioned by this appeal.